Justice Alito,
with whom The Chief Justice and Justice Scalia join, concurring.
I join the opinion of the Court but write separately to note that our decision, as I understand it, does not reach the question of what “reciprocity” means. Petitioners have taken an all-or-nothing position, contending that nonmembers of a local may never be assessed for any portion of the national’s extraunit litigation expenses. See ante, at 212 (noting that petitioners “claimed that the First Amendment prohibits charging them for any portion of the service fee that represents what we have called ‘national litigation,’ i. e., litigation that does not directly benefit the local” (emphasis added)). The opinion correctly concludes, “as did the lower courts, that the existence of reciprocity is assumed by the parties and not here in dispute.” Ante this page.
Thus, this case does not require us to address what is meant by a charge being “reciprocal in nature,” or what showing is required to establish that services “‘may ultimately inure to the benefit of the members of the local union by virtue of their membership in the parent organization.’ ” Ante, at 220 (quoting Lehnert v. Ferris Faculty Assn., 500 U. S. 507, 524 (1991)). I understand the Court’s opinion to conclude that the litigation expenses at issue here are chargeable only because the parties assumed that the benefit of any such expenses would be reciprocal.
*222 In its brief as amicus curiae, the United States argues that a national union must bear the burden of proving that any expenditures charged to nonmembers of a local are made pursuant to a bona fide pooling arrangement. See Brief for United States 28-29. Once nonmembers object to a charge, the Government submits, the union must prove that the challenged expenditure was made pursuant to an arrangement that is akin to an insurance policy. See id., at 7. This is necessary, the Government contends, to ensure that a charge is in fact “reciprocal in nature.”
Because important First Amendment rights are at stake, the Government’s argument regarding the burden of establishing true reciprocity has considerable force. Nonetheless, since petitioners in this case did not raise the question whether the Maine State Employees Association’s pooling arrangement was bona fide, we need not reach that question today.